**FILED**

Sep 25 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ Steven        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE MERO,

Defendant.

Case No. 16cr2505-BTM

PRELIMINARY ORDER
OF CRIMINAL FORFEITURE

WHEREAS, in the Indictment returned in this case, the United States sought forfeiture of all firearms and ammunition involved in the commission of the offenses charged in the Indictment pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all properties seized in connection with this case, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (a)(2), which were involved in the violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), as charged in Counts 1 and 3 of the Indictment to which the Defendant entered guilty pleas; and

WHEREAS, on or about February 1, 2018, the Defendant pled guilty before Magistrate Judge Mitchell D. Dembin to Counts 1 and 3 of the Indictment, which pleas included consent to forfeiture of all properties seized in connection with this case, including all firearms and ammunition involved in the commission of the offense, including forfeiture

of **two (2) Smith & Wesson .38 caliber "Bodyguard" pistols with obliterated serial numbers; one (1) Sig Sauer .40 caliber SP2022 pistol bearing Serial No. 24B167459; one (1) Smith & Wesson .38 caliber revolver bearing Serial No. D423282; approximately six (6) rounds of .357 caliber ammunition; approximately eight (8) rounds of .38 caliber ammunition; approximately ten (10) rounds of .40 caliber ammunition; approximately forty-one (41) rounds of .38 caliber ammunition; and two (2) speed loaders**; and

WHEREAS, on April 2, 2018, this Court accepted Defendant's guilty pleas; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offenses of conviction; and

WHEREAS, by virtue of Defendant's factual admission and guilty pleas to Counts 1 and 3 of the Indictment, said properties are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (a)(2); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely: **two (2) Smith & Wesson .38 caliber "Bodyguard" pistols with obliterated serial numbers; one (1) Sig Sauer .40 caliber SP2022 pistol bearing Serial No. 24B167459; one (1) Smith & Wesson .38 caliber revolver bearing Serial No. D423282; approximately six (6) rounds of .357 caliber ammunition; approximately eight (8) rounds of .38 caliber ammunition; approximately ten (10) rounds of .40 caliber ammunition; approximately forty-one (41) rounds of .38 caliber ammunition; and two (2) speed loaders**; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

//

2

1    1.    Based upon the factual admission of the Defendant and his guilty pleas, the
2  United States is hereby authorized to take custody and control of the two (2) Smith &
3  Wesson .38 caliber "Bodyguard" pistols with obliterated serial numbers; one (1) Sig Sauer
4  .40 caliber SP2022 pistol bearing Serial No. 24B167459; one (1) Smith & Wesson .38
5  caliber revolver bearing Serial No. D423282; approximately six (6) rounds of .357 caliber
6  ammunition; approximately eight (8) rounds of .38 caliber ammunition; approximately ten
7  (10) rounds of .40 caliber ammunition; approximately forty-one (41) rounds of .38 caliber
8  ammunition; and two (2) speed loaders, and the Defendant has hereby forfeited to the
9  United States all of his right, title, and interest to said properties pursuant to 18 U.S.C.
10  § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (a)(2), for disposition in
11  accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

12    2.    The aforementioned forfeited assets are to be held by the Bureau of Alcohol,
13  Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

14    3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
15  begin proceedings consistent with any statutory requirements pertaining to ancillary
16  hearings and rights of third parties. The Court shall conduct ancillary proceedings as the
17  Court deems appropriate only upon the receipt of timely third-party petitions filed with the
18  Court and served upon the United States. The Court may determine any petition without
19  the need for further hearings upon the receipt of the Government's response to any petition.
20  The Court may enter an amended order without further notice to the parties.

21    4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of
22  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
23  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the
24  United States forthwith shall publish for thirty (30) consecutive days on the Government's
25  forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States'
26  intent to dispose of the properties in such manner as the Attorney General may direct, and
27  notice that any person, other than the Defendant, having or claiming a legal interest in the
28  //

3

1 above-listed forfeited properties must file a petition with the Court within thirty (30) days
2 of the final publication of notice or of receipt of actual notice, whichever is earlier.

3    5.    This notice shall state that the petition shall be for a hearing to adjudicate the
4 validity of the petitioner's alleged interest in the property, shall be signed by the petitioner
5 under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,
6 title or interest in the forfeited property and any additional facts supporting the petitioner's
7 claim and the relief sought.

8    6.    The United States shall also, to the extent practicable, provide direct written
9 notice to any person known to have alleged an interest in the properties that is the subject
10 of the Preliminary Order of Criminal Forfeiture.

11    7.    Upon adjudication of all third-party interests, this Court will enter an
12 Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all
13 interests will be addressed.

14    8.    Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made
15 final as to the Defendant at the time of sentencing and is part of the sentence and included
16 in the judgment.

17    DATED: 9/24/18

18                                BARRY TED MOSKOWITZ, Chief Judge
19                                United States District Court

4

16cr2505